Abraham S. Cooper, Respondent, *v.* Louis A. Roggen et al., Appellants.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Pleading — answer — denials improper in a defense except specific denials in certain cases.

Where new matter constitutes a defense, the facts constituting plaintiff's cause of action need not be negatived; a denial of such facts has no place in an affirmative defense.

Where new matter is insufficient to constitute a defense unless facts constituting plaintiff's cause of action are denied, the new matter is not a defense but is either entirely irrelevant or merely evidence to prove denials.

It is improper to incorporate a general denial in an affirmative defense. Specific denials, however, in certain cases may be incorporated if necessary to complete or perfect said defense.

Where the defense is insufficient unless it denies all the material allegations of the complaint or even where it admits most of them while denying an allegation essential to plaintiff's cause of action, the so-called affirmative defense is not a defense but is in effect a denial of plaintiff's cause of action and should be pleaded as such.

In an action to recover commissions claimed to have been earned under a contract with defendant the first separate defense reiterating and repeating the denials contained in the first eleven paragraphs of the amended answer alleged as new matter that the parties entered into a contract entirely different from that set forth in the complaint, and that defendants had paid a certain sum in full payment, satisfaction and discharge of all moneys due or owing from them to plaintiff for commissions and services rendered. The answer also contained another separate defense and two counterclaims. Upon the pleadings plaintiff made a motion to strike out the first defense upon the ground that it did not contain new matter or to strike out the denials thereof on the ground that they were improperly incorporated in said defense and that several defenses which had been joined should be divided and numbered. On appeal from the order granting the motion, which provided that the matter pleaded as a first defense be stricken out and directing the service of an amended answer wherein defendants should separately number and state their defenses, *held,* that the order should be modified by striking out the provision as to the separate numbering and statement of defenses and as so modified affirmed.

The new matter contained in the first affirmative defense was in effect a plea of payment to a cause of action not alleged in the complaint and was not a defense to the cause of action pleaded therein.

While plaintiff had the right to move to strike out the general denials in the affirmative defense in order that he might be able to test the sufficiency of the new matter as an affirmative

defense, it was not ordinarily correct practice to strike out the entire defense.

The defendants, conceding the insufficiency of the affirmative allegations if the denials were stricken out, suffered no injury by the order which not only struck out said denials but also struck out the allegations which, if standing alone, were palpably irrelevant.

APPEAL by the defendants from an order of the City Court of the city of New York, entered in favor of the plaintiff on December 30, 1918.

Adolph Cohen, for appellants.

Max Schleimer, for respondent.

LEHMAN, J. The plaintiff herein has brought an action to recover commissions which he claims he earned under a contract with the defendants. The answer contains eleven paragraphs denying all the material allegations of the complaint, and also two separate defenses and two counterclaims. The first separate defense reiterates and repeats the denials contained in the first eleven paragraphs of the amended answer, and then proceeds to allege as new matter that the parties entered into a contract entirely different from that set forth in the complaint and that the defendants have paid the sum of $385 as full payment and satisfaction and discharge of all moneys due or owing from the defendants to the plaintiff for commissions and for services rendered by him thereunder. Upon these pleadings the plaintiff made a motion for an order " (1) to strike out the first defense from the said amended answer upon the ground that it does not contain new matter, or (2) to strike out the denials of the first defense of said amended answer upon the ground that they were improperly incorporated

therein, or (3) to direct the defendants to divide and number the defenses upon the ground that defendants have joined several defenses in one.''

Upon the hearing of the motion an order was made providing that '' this motion is granted and the matter set up as a first defense is stricken out, and the defendants directed to serve an amended answer within six days after service of a copy of this order and notice of entry thereof, wherein they shall separately number and state their defenses   *   *   *'' and the defendants have now appealed from this order.

The real objection of the plaintiff to the first affirmative defense as pleaded is that the denials of the allegations of the complaint are improperly incorporated therein and should be stricken out, and that the new matter contained therein, standing alone, constitutes no defense to the plaintiff's cause of action and is entirely irrelevant to any possible issues in the action, while the defendants claim that the denials are necessary to perfect the defense pleaded and therefore cannot be stricken out.

Section 500 of the Code provides that an answer may contain a denial of each material allegation of the complaint, and a statement of any new matter constituting a defense or counterclaim. In the present case, if the plaintiff can establish the cause of action alleged in the complaint, viz., that the parties have entered into the contract therein set forth, and that the plaintiff earned commissions thereunder, the new matter contained in the first affirmative defense, viz., that the parties entered into another and different contract, and that the plaintiff has been fully paid for commissions earned under the different contract, clearly constitutes no defense to the plaintiff's cause of action. It constitutes in effect a plea of payment to

a cause of action not alleged by the plaintiff, but by the defendant. It is quite plain that where new matter constitutes a defense to the plaintiff's cause of action, the facts constituting such cause of action need not be negatived, and a denial of such facts has no place in the affirmative defense, and it is also plain that where the new matter is insufficient to constitute a defense unless facts constituting the plaintiff's cause of action are denied, the new matter is not a defense, but is either entirely irrelevant or is merely evidence to prove the denials. For these reasons it is now well established that a general denial of the plaintiff's cause of action cannot be incorporated in an affirmative defense. There are, however, some cases where it has been held that specific denials should be incorporated in an affirmative defense where such denials are neces-sary to complete or perfect the defense. It appears that in all those cases the defense confesses the plaintiff's cause of action, but denies merely certain specific allegations contained in the complaint that would, if true, defeat the attempted defense set up in the answer, yet which perhaps need not be proven by the plaintiff in the exact form in order to make out his cause of action. In a case where an action is brought under a sealed instrument and the defense attempts to set up the six-year Statute of Limitations, it is of course necessary to deny the allegation that the contract was made under seal. In a case where an action is brought upon a note and the complaint alleges that the plaintiff is the holder for value in due course, a defense may properly deny this allegation. Other instances could easily be cited where specific denials are properly incorporated in affirmative defenses and where the courts have refused to strike out such denials either because they are necessary to the defense or because the defendant should not be put to the risk of a ruling

at the trial that such denials should have been pleaded. In all cases, however, where, as in this case, the defense is insufficient unless it denies all the material allegations of the complaint, or even where it admits most of the allegations of the complaint, but denies an allegation which is essential to the plaintiff's cause of action, the so-called affirmative defense is not a defense to the plaintiff's cause of action, but is in effect a denial thereof and should be pleaded as such. In the present case, therefore, the plaintiff had the right to move to strike out the general denial contained in the affirmative defense in order that he might be able to test the sufficiency of the statement of new matter as an affirmative defense. The court below, however, has stricken out the entire defense. This practice would ordinarily be incorrect, but since the defendant in effect concedes that the affirmative allegations are insufficient, if the denials are stricken out, it may be that the court was justified in making the order striking out not only the denials, but the allegations which are palpably irrelevant if standing alone. In any event the defendant has suffered no injury by such an order. The order, however, probably by inadvertence contains a further direction that the defendants shall serve an amended answer separately numbering and stating the defenses stricken out. It is, of course, impossible for the defendant to comply with this part of the order, or if he could comply with it the service of such an answer would serve no useful purpose.

Order modified by striking therefrom the words " wherein they shall separately number and state their defense," and as modified affirmed, with ten dollars costs and disbursements to respondent, with leave to defendants to comply with the order appealed from, and as modified within six days after service of a copy

of this order and notice of entry thereof in the court below.

WEEKS and FINCH, JJ., concur.

Order modified, and as modified affirmed, with ten dollars costs to respondent.